```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                      4:95-CR-96(JMR/FLN)
```

United States of America   )
                           )
          v.               )    ORDER
                           )
Martin R. Czeck            )

Defendant seeks post-conviction relief [Docket No. 115]. His motion is denied.

I. Background

On February 28, 1996, a jury convicted defendant of six crimes "relating to controlled substances and firearms."[1] United States v. Czeck, 105 F.3d 1235, 1237 (8th Cir. 1997). Defendant, an armed career criminal within the contemplation of 18 U.S.C. § 924(e), was sentenced to 360 months imprisonment. The Eighth Circuit Court of Appeals affirmed the sentence. United States v. Czeck, 105 F.3d 1235, 1237 (8th Cir. 1997).

On June 6, 1997, defendant timely filed a § 2255 motion to vacate his sentence, arguing "the admission of his prior-felony-conviction record substantially prejudiced his criminal trial." Czeck v. United States, 175 F.3d 1023, 1023 (8th Cir. 1999). The Court denied the motion. The Eighth Circuit affirmed. Id.

---

[1] Defendant was convicted of possession and distribution of marijuana, in violation of 21 U.S.C. § 841 (Counts 1-3); use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924 (Count 4); being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922 (g) and 924(e)(Count 5); and conspiracy to distribute controlled substances including cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count 6).

Over the next four years, defendant repeatedly sought, and was repeatedly denied, the Eighth Circuit's permission to file a successive habeas petition. Undeterred, he approached Minnesota state court. There, he successfully challenged his prior convictions in Stearns, Benton, and Wright Counties. Ultimately, those courts vacated four of his state court convictions.

Defendant turned, again, to federal court to seek a sentence reduction under 18 U.S.C. § 3582(c) claiming he was no longer an armed career criminal since his state convictions were vacated. The Court characterized defendant's motion as a successive § 2255 petition, and dismissed the motion because defendant had not obtained the Eighth Circuit's authorization for a successive filing. [Docket No. 106.] The Eighth Circuit affirmed, <u>United States v. Czeck</u>, 172 Fed. App'x 687, 687 (8th Cir. 2006), and stated defendant's motion "was untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay." <u>Id.</u> As a result, the Eighth Circuit concluded,"insofar as [Czeck] sought to lower his sentence based on the vacation of his state court convictions, his claim [] failed." <u>Id.</u>

Defendant then turned to the federal court in the Southern District of Illinois, seeking relief pursuant to 28 U.S.C. § 2241. That court, however, found defendant was not "actually innocent,"

and concluded Czeck's challenges were not cognizable in a § 2241 petition. Czeck v. Revell, No. Civ. 05-652, 2005 WL 2465907, at *2 (S.D. Ill. Oct. 6, 2005). The Seventh Circuit Court of Appeals affirmed.

In January, 2010, defendant returned to Minnesota to try another petition for relief pursuant to 28 U.S.C. § 2241. Again, he grasped at his vacated state convictions in an effort to reduce his sentence. U.S. District Judge Ann D. Montgomery denied the petition. See Order Adopting Report and Recommendation at 6, Czeck v. United States, No. 10-12 (D. Minn. Apr. 15, 2010)(where "§ 2255 was not inadequate or ineffective" Czeck cannot "seek relief under § 2241").

Ever resilient, on April 23, 2010, defendant filed this writ, styled an action in audita querela. He rehashes his many-times-rejected claim that he no longer qualifies as an armed career criminal because his 1982 state convictions have been vacated, and seeks correction of his presentence investigation report; correction of his judgment; and a new sentence. He also seeks appointment of counsel. [Docket No. 114.]

On June 22, 2010, the government filed its opposition to defendant's writ, arguing the filing constitutes a successive § 2255 motion and should be denied. Defendant responded to the government's opposition. [Docket Nos. 125-127.] The Court has considered all of defendant's submissions, regardless of their

3

compliance with the Local Rules.

II. <u>Analysis</u>

A writ of audita querela does not afford defendant relief in this case. Audita querela provides "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." <u>United States v. Ayala</u>, 894 F.2d 425, 427 (D.C. Cir. 1990). Today, the writ "fill[s] gaps in the current systems of postconviction relief." <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9th Cir. 2000). Because the writ exists as a gap-filler, defendant may not seek relief via audita querela if his "claim is cognizable under 28 U.S.C. § 2255." <u>Massey v. United States</u>, 581 F.3d 172, 174 (3d Cir. 2009); <u>see</u> <u>also</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1173 (11th Cir. 2005).

Likewise, a defendant "may not circumvent valid congressional limitations on collateral attacks" through a writ of audita querela. <u>See</u> <u>Valdez-Pacheco</u>, 237 F.3d at 1080. Here, defendant's claim - if it were cognizable - would be cognizable under § 2255. <u>See</u> Order Adopting Report and Recommendation at 6, <u>Czeck v. United States</u>, No. 10-12 (D. Minn. Apr. 15, 2010)(section "2255 was not inadequate or ineffective" for Czeck's collateral challenge to his conviction). Accordingly, defendant may not seek relief pursuant to a writ of audita querela.

But even properly styled, as the successive habeas it is, defendant's motion affords him no relief. As he well knows, an

inmate may not file a successive § 2255 petition without prior authorization from the Eighth Circuit.  28 U.S.C. § 2255 (h) & 2244(b)(3); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005)("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive 2254 or 2255 action by purporting to invoke some other procedure.").  Defendant already filed a timely § 2255 petition; he must seek the Eighth Circuit's authorization to file a second or successive petition.

Defendant claims "truly extraordinary circumstances."  He also proffers cases holding "if a defendant's federal sentence is enhanced based on a prior state conviction, and that state conviction is later vacated, the defendant may successfully attack his federal sentence."  See Hirman v. United States, No.09-3065, 2010 U.S. App. LEXIS 14961, at *6 (8th Cir. Jul. 21, 2010)(citing Johnson v. United States, 544 U.S. 295, 302-03 (2005)).  Defendant correctly cites the law, but fails to note the Eighth Circuit has already addressed, and foreclosed, the very claims he raises.

In 2005, defendant appealed this Court's denial of his sentence-reduction motion. [Docket No. 106.]  The Eighth Circuit affirmed, stating, "to the extent Czeck's motion amounted to a 28 U.S.C. § 2255 motion," it was "untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a

5

sufficient excuse for the delay." Czeck, 172 Fed. App'x at 687 (citing Johnson v. United States, 544 U.S. 295, 302-03 (2005)). The Eighth Circuit was explicit: "insofar as [Czeck] sought to lower his sentence based on the vacation of his state court convictions, his claim [] failed." Id. This Court is bound by the Eighth Circuit's determination. See Order Adopting Report and Recommendation at 6, Czeck v. United States, No. 10-12 (D. Minn. Apr. 15, 2010)("This Court lacks the power to contravene the Eighth Circuit's finding."). Defendant's request was untimely in 2006, and it is untimely today.

III. Conclusion

Every issue in defendant's motion, styled as a writ of audita querela, has been raised, decided, and denied at least once. And each decision was adverse to the defendant, as is this. Defendant's motion is denied.

In addition, the Court has considered whether issuance of a Certificate of Appealability is appropriate. See Tiedeman v. Benson, 122 F.3d 518, 519 (8th Cir. 1997). The Court concludes no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has not, therefore, made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS ORDERED that:

1.   Defendant's writ of audita querela is denied [Docket No. 115].

2.   Defendant's motion for leave to amend his filings is denied as moot [Docket No. 117].

3.   Defendant's request for appointment of counsel is denied [Docket No. 114].

4.   The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: August 9, 2010

S/JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States District Judge
