UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>   Respondent-Plaintiff,<br><br>v.<br><br>Martin Robert Czeck,<br><br>   Petitioner-Defendant. | Criminal No. 4:95-96 (DWF/FLN)<br>Civil No. 4:16-2184 (DWF)<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

**INTRODUCTION**

This matter is before the Court on Petitioner-Defendant Martin Robert Czeck's ("Petitioner-Defendant") *pro se* motion for leave to file an amended 2255 Petition. (Doc. No. 178.)   The United States of America (the "Government") opposes Petitioner-Defendant's motion and petition.   (Doc. No. 180.)

On November 17, 2017, Petitioner-Defendant filed a "Motion for Leave to File Amended 2255 Pursuant to Fed. R. Civ. P. 15(c) or in the Alternative to Correct Sentence Under Fed. R. Civ. P. 60(b)."   (Doc. No. 178.)   In his motion, Petitioner-Defendant seeks to again challenge his sentence under the Armed Career Criminal Act ("ACCA") based upon his assertion that his prior state court convictions were vacated following the imposition of his sentence.   Petitioner-Defendant again asserts that he improperly sought relief from the ACCA on the vacated stay convictions in his motion pursuant to 18 U.S.C. § 3582 in May 2005.   In so asserting, Petitioner-Defendant contends that the Court misunderstood his motion as one under 28 U.S.C. § 2255(f)(1) and, therefore, improperly

dismissed his motion as untimely filed.   For those reasons, Petitioner-Defendant is now again before this Court stating that this Court was erroneous when it treated his claims as untimely pursuant to § 2255 and he therefore seeks to amend his § 3582 pleading to a motion filed under 28 U.S.C. § 2255(f)(4) so that he can argue that he is no longer an armed career criminal based on the vacated state convictions.

It should be noted, as observed by the Government, that Petitioner-Defendant previously filed his initial § 2255 motion to vacate his sentence more than 20 years ago, on June 6, 1997.   At that time, the Court denied his motion and the Eighth Circuit affirmed the judgment of this Court.   (Doc. Nos. 76, 85, 92.)   For the reasons that the Court will state and discuss below, the Court respectfully denies Petitioner-Defendant's motion.

## BACKGROUND

On June 6, 1997, Petitioner-Defendant filed his first § 2255 motion to vacate his sentence.   (Doc. No. 76.)   As the record establishes, Petitioner-Defendant has filed numerous motions for post-conviction relief in three separate district courts, including several applications for leave to file successive § 2255 motions, all of which were denied. As observed by the Government, a thorough review of the post-conviction litigation initiated by Petitioner-Defendant is set forth in the Government's response to the petition for writ of habeas corpus under § 2255, which was filed in April 2013.   (Doc. No. 142 at 3-16.)   The Court will not repeat here the detailed account of the different federal courts that have addressed Petitioner-Defendant's request to vacate his sentence as an Armed

Career Criminal based upon the vacated state court convictions, which is set forth in the Government's memorandum in response to Petitioner-Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) which was filed, as noted above, in June 2016.   (Doc. No. 165 at 8-17.)

Admittedly, this Court issued an order directing the Government to submit a responsive memorandum "addressing the effect, if any, of the post-sentencing vacation of the Defendant's prior convictions."   (Doc. No. 162.)   The Government filed a memorandum with a detailed post-conviction procedural history which included Petitioner-Defendant's multiple challenges that relate to the vacated prior state court convictions filed with the multiple federal courts.   (Doc. No. 165 at 8-17.)

This Court, on July 7, 2016, denied Petitioner-Defendant's motion and, in so doing, stated:

> Defendant argues that his prior convictions have been vacated such that he cannot be considered an Armed Career Criminal under the ACCA. However, the post-sentencing vacation of Defendant's prior convictions has no effect on the instant motion.   First, 18 U.S.C. § 3582(c)(2) does not provide the Court with jurisdictional authority to address the post-sentencing vacation of prior convictions.   Second, any request to modify Defendant's sentence based on vacation of prior convictions would constitute a successive motion under 28 U.S.C. § 2255, for which Defendant must, and has not, obtained pre-authorization from the Eighth Circuit.   Third, **multiple federal courts–including the Eighth Circuit–have addressed the post-sentencing vacation of Defendant's prior convictions and have rejected Defendant's claims.**   (*E.g.*, Doc. No. 112.)   (Emphasis added).

*See* Doc. No. 166 at p.2, n.1.

However, prior to the Court entering its order on July 7, 2016, Petitioner-Defendant filed another motion for habeas relief pursuant to 28 U.S.C. § 2255. (Doc. No. 164.) The Government filed an additional response to his habeas motion on August 19, 2016. (Doc. No. 170.) This Court then denied Petitioner-Defendant's motion for habeas relief under § 2255 as a "second or successive" habeas application because Petitioner-Defendant had failed to obtain pre-authorization from the Eighth Circuit. *See* District Court Order, September 20, 2016. (Doc. No. 172.) The Court declined at that time to grant Petitioner-Defendant a certificate of appealability.

## DISCUSSION

### I.  Jurisdictional Issue

As observed by the Government, before Petitioner-Defendant may file a "second or successive" motion pursuant to § 2255, he or she must first obtain the permission of the Eighth Circuit Court of Appeals to seek such relief. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Importantly, the Eighth Circuit has consistently held that a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd*, 304 F.3d at 814.

As noted above, Petitioner-Defendant has not received the required certification from the Eighth Circuit which would allow him to file a successive § 2255 motion based

4

on his vacated prior state court convictions. Consequently, this Court is obligated to "dismiss it for failure to obtain authorization from the Court of Appeals." *Boyd*, 304 F.3d at 814.

## II. Petitioner-Defendant's Request for Alternative Relief Under Rule 60(b)

Petitioner-Defendant apparently, in an effort to obtain alternative relief, seeks to reopen or amend his § 2255 action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Eighth Circuit has also held that a petitioner-defendant cannot use Rule 60(b) to contest or otherwise attack his criminal judgment because that rule only applies to civil cases. *United States v. Eggleston*, 24 Fed. App'x 656 (8th Cir. 2002). Moreover, a petitioner-defendant cannot use Rule 60(b) to reopen a terminated § 2255 proceeding in order to assert additional claims. *See, e.g., Tyler v. Purkett*, 413 F.3d 696, 700 (8th Cir. 2005). The record before this Court, and any careful review of the procedural history of this case, clearly shows that Petitioner-Defendant's § 2255 proceeding has been concluded since November 1999, when the U.S. Supreme Court denied his petition for a writ of certiorari. (Doc. No. 99.) Moreover, a petitioner-defendant cannot avoid the rules and restrictions of 28 U.S.C. § 2255(h) by filing a successive motion as a Rule 60(b) motion. *See*, *e.g., Boyd*, 304 F.3d 813; *United States v. Matlock*, 107 Fed. App'x 697 (8th Cir. 2004). A Rule 60(b) motion must be treated as a successive § 2255 motion if it "raise[s] issues . . . which [were] raised in [a] first section 2255 motion or which . . . could have [been] raised in that motion."

*Matlock*, 107 Fed. App'x at 698. Simply stated, there is no relief or remedy available to Petitioner-Defendant pursuant to Rule 60(b).

### III.   *United States v. Czeck*, 172 Fed. App'x 687 (8th Cir. 2006)

In 2006, the Eighth Circuit specifically determined that, irrespective of whether the motion constituted a successive § 2255 motion, it was untimely because Petitioner-Defendant waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient explanation for the delay. *United States v. Czeck*, 172 Fed. App'x 687 (8th Cir. 2006). The Eighth Circuit specifically stated:

> To the extent Czeck's motion amounts to a 28 U.S.C. § 2255 motion, insofar as he also sought to lower his sentence based on the vacation of his state court convictions, his claim also failed. Putting aside the question whether Czeck's motion was second or successive, we find that it was untimely because Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay.

*See United States v. Czeck*, 172 Fed. App'x 687 (8th Cir. 2006).

Petitioner-Defendant is in the same situation today as he was in 2006. Namely, his instant motion is untimely and fails to provide a sufficient explanation or justification for the delay. There is no new evidence or any new law that would change the outcome of the Eighth Circuit's 2006 ruling. Moreover, by the clear language of 28 U.S.C. § 2244(b)(1), a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims.  A § 2255 motion can be dismissed without a hearing when:  (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  The Petitioner-Defendant has not, therefore, made the "substantial

showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and the submissions of the parties, and the Court having again carefully reviewed the record in this matter, including its procedural history, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Martin Robert Czek's motion to file an amended § 2255 motion is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:   March 1, 2018            s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge