# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 95-96 (DWF/FLN) |
| | Civil No. 16-2184 (DWF) |
| Respondent-Plaintiff, | |
| v. | |
| | **MEMORANDUM** |
| Martin Robert Czeck, | **OPINION AND ORDER** |
| Petitioner-Defendant. | |

Martin Robert Czeck, Petitioner-Defendant, *Pro Se*.

Andrew Dunne, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Petitioner-Defendant Martin Robert Czeck's ("Petitioner-Defendant") self-styled *pro se* motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendments 750 and 782 to the United States Sentencing Guidelines (the "Guidelines") as well as the Ex Post Facto Clause of the United States Constitution. (Doc. No. [191]). The United States of America (the "Government") opposes Petitioner-Defendant's motion. (Doc. No. [195].)

Petitioner-Defendant contends that his sentence was unconstitutional because it was based on erroneous Guidelines calculations and he was wrongly deemed subject to the Armed Career Criminal Act ("ACCA") enhancements applied. The Government

argues that Petitioner-Defendant's claims are without merit and previous iterations of the same arguments have been rejected, therefore the motion should be construed as an unauthorized successive habeas petition under 28 U.S.C. § 2255 and dismissed without an evidentiary hearing or issuance of a certificate of appealability.

For the reasons set forth below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

An abbreviated version of the procedural history and record is provided because this Court examined both at length in its Memorandum and Order denying Petitioner-Defendant's previous challenge to his sentence. (Doc. No. 182.)

Petitioner-Defendant filed his first § 2255 motion to vacate his sentence on June 6, 1997. (Doc. No. 76.) Since that time, Petitioner-Defendant has filed numerous motions for post-conviction relief in three separate district courts, including several applications for leave to file successive § 2255 motions, all of which were denied. Detailed reviews of these events have been included and addressed in prior documents in the record and will not be repeated here.

It should be noted that in an Order issued on July 7, 2016, this Court denied a motion by Petitioner-Defendant for a reduction of his sentence pursuant to 18 U.S.C. § 3482(c)(2). (Doc. No. 166). The Court explained that Amendment 782 to the Guidelines does not authorize or otherwise reduce the sentencing range for an Armed Career Criminal, nor does it grant this Court with the authority to do so. (*Id.* at 4.) As this Court noted then, multiple federal courts, including the Eighth Circuit, has previously rejected Petitioner-Defendant's same claims. (*Id.* at 2, n.1.) The Court also explained

that it did not have jurisdictional authority to address the post-sentencing vacation of prior convictions, and any request to modify his sentence based on vacation of prior convictions would constitute an unauthorized successive § 2255 motion. (*Id.*) Not long thereafter, this Court denied a motion by Petitioner-Defendant for habeas relief under § 2255 for failure to obtain authorization from the Eighth Circuit. (Doc. No. 172.)

Petitioner-Defendant filed another self-styled motion on November 17, 2017, requesting leave to file an amended § 2255 motion pursuant to Fed. R. Civ. P. 15(c) or, in the alternative, to correct his sentence pursuant to Fed. R. Civ. P. 60(b). (Doc. No. 178.) Petitioner-Defendant argued then that his sentence under the ACCA was improper and that this Court erred in treating his claims as untimely pursuant to 28 U.S.C. § 2255. (*Id.*) This Court denied the motion in a Memorandum and Order issued on March 1, 2018, again reasoning that it must dismiss the motion because Petitioner-Defendant had again failed to obtain the required authorization from the Eighth Circuit. (Doc. No. 182 at 4.) Alternative relief under Rule 60(b) was likewise denied because, as this Court explained, that rule only applies to civil cases and further, it cannot be used to reopen terminated § 2255 proceedings or to bypass the requirement for prior authorization. (*Id.* at 5.) The Court further explained that the motion was untimely and Petitioner-Defendant failed to provide a reason to excuse the delay. (*Id.* at 6.) Finally, the Court noted that under 28 U.S.C. § 2244(b)(1), claims presented in second or successive § 2255 habeas corpus petitions that were presented in prior applications shall be dismissed. (*Id.*) The Court required no evidentiary hearing to reach this conclusion, and no certificate of appealability was issued. (*Id.*)

The Eighth Circuit denied Petitioner-Defendant's latest application for a certificate of appealability on June 6, 2018. (Doc. No. 189.)

Petitioner-Defendant now requests that his sentence be reduced pursuant to 18 U.S.C. § 3582(c), based on Amendments 750 and 782 to the Guidelines regarding drug quantities and related sentencing issues. Alternatively, Petitioner-Defendant seeks relief under Fed. R. Crim. P. 36(b) and 18 U.S.C. § 3742(a)(2). Petitioner-Defendant argues that he is "actually innocent" of having a criminal record that subjected him to sentencing under the ACCA, and that factoring his predicate convictions into his sentence violates the Ex Post Facto Clause of the U.S. Constitution.

The Government opposes Petitioner-Defendant's motion, arguing that Petitioner-Defendant is not eligible for relief under Guidelines amendments or any other theory he offers, and that his latest motion constitutes an attempt to bypass the requirement for authorization before filing a successive § 2255 petition. (Doc. No. 192.) Petitioner-Defendant replied that the sentencing court miscalculated his sentence and he received ineffective assistance of counsel during the sentencing phase of proceedings.[1] (Doc. No. 193 at 2.) The Government maintains its previous arguments and elaborates that because Petitioner-Defendant's sentences in this case were based upon Guidelines having to do with violations of federal firearms law, and not the drug quantities addressed in the amendments he cites, he is not eligible for relief under 18 U.S.C. § 3582(c). (Doc.

---

[1] Petitioner-Defendant was sentenced in June of 1996 by Hon. James M. Rosenbaum (Ret.). (See Doc. Nos. 58-59.)

No. 195.) Petitioner-Defendant retorts that because he is "actually innocent" of being an Armed Career Criminal, he should not have been sentenced as one. (Doc. No. 196.)

## DISCUSSION

### I.     Federal Rules of Criminal Procedure, Rule 36: Clerical Error

Rule 26 authorizes a court to "at any time correct a clerical error in a judgment, order, or other part of the record, to correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule does not apply to the present situation because Petitioner-Defendant does not argue that his criminal history score was entered incorrectly, but that it was wrongly calculated altogether.

### II.    18 U.S.C. § 3582(c)(2)

A court *may* reduce a defendant's sentence if the sentence is "based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2). It is not necessary to reexamine this issue at depth, as this Court (and others) have repeatedly found that the pertinent Guidelines have not changed and Petitioner-Defendant's prior convictions subject him to ACCA sentencing enhancements. (See, e.g., Doc. Nos. 106, 112; *Czeck v. Revell*, WL 2465907 (S.D. Ill. Oct. 6, 2005).)

### III.   Section 2255

Petitioner-Defendant seeks to relitigate previous arguments in his present motion, ostensibly pursuant to 18 U.S.C. §§ 3582 and 3742, Fed. R. Crim. P. 36, and U.S. Const. Art. I, § 9, cl. 3. His motion is more properly characterized as a motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence. Petitioner-Defendant's first § 2255 motion was filed in June of 1997 (Doc. No. 76), and it was denied (Doc. No. 85).

Before Petitioner-Defendant may file a "second or successive" motion pursuant to § 2255, he or she must first obtain the permission of the Eighth Circuit Court of Appeals to seek such relief. See 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Eighth Circuit has consistently held that a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd*, 304 F.3d at 814. Petitioner-Defendant has not received the required certification from the Eighth Circuit which would allow him to file a successive § 2255 motion. Consequently, this Court is obligated to "dismiss it for failure to obtain authorization from the Court of Appeals." *Id.*

**EVIDENTIARY HEARING**

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.

1998).  Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

## CONCLUSION

In his latest motion, Petitioner-Defendant has advanced arguments that have failed before under different guises.  Based upon the presentations and submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Martin Robert Czeck's *pro se* Motion to Reduce Sentence Pursuant to USSC Amendment (Doc. No. [191]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 23, 2019
                                                    s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge